IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION


WILLIAM EARL COX                                                    PETITIONER


v.                              NO. 2:07CV00131 HDY


TIM OUTLAW, Warden,                                              RESPONDENT
FCI Forrest City, Arkansas


## MEMORANDUM OPINION AND ORDER


PRIOR STATE AND FEDERAL PROCEEDINGS.  On December 14, 1988, petitioner

William Earl Cox ("Cox") pleaded guilty in Lafayette County, Missouri, Circuit Court to

state charges of unlawful use of a weapon and driving while intoxicated.  See State of

Missouri v. Cox, CR-198-123F.[1]  He was sentenced for the offenses to a five year term of

probation.

On April 11, 2003, while serving the term of probation ordered in CR 198-123F, Cox

was arrested by Missouri authorities on a state charge of misdemeanor possession of

marijuana.  He was not detained but was released from custody.  Although the charge

was later dismissed, his conduct related to the charge eventually resulted in his

indictment by a federal grand jury of being a felon in possession of a firearm.

---

[1]

The record suggests that the case number is actually 15RO19800123.  See Document 5, Attachment
3.  Because respondent Tim Outlaw references the case number as CR 198-123F, the Court will do likewise.

On April 14, 2003, Cox was arrested by Missouri authorities on a state charge of tampering with a witness.  He was detained by Missouri authorities and remained in their custody for several months.  The charge was later dismissed, however, when federal authorities made known their intention to prosecute him for the same conduct.

On July 21, 2003, while Cox remained in the custody of Missouri authorities, the term of probation ordered in CR 198-123F was revoked.  He was sentenced to a term of four years imprisonment in the custody of the Missouri Department of Corrections.  For some reason not apparent from the record, the commencement of the four year term of imprisonment was apparently stayed for ten days, and he was released from state custody for those ten days.

On July 22, 2003, Cox was indicted in a two count federal indictment in the United States District Court for the Western District of Missouri.  See United States v. Cox, 03-00230-01-CR-W-DW.  In count one, he was charged with being a felon in possession of a firearm, a charge that sprang from his conduct related to his April 11, 2003, arrest by Missouri authorities.  In count two, he was charged with threatening a witness, a charge that sprang from his conduct related to his April 14, 2003, arrest by Missouri authorities.

On July 31, 2003, or ten days after Cox was released from state custody, he surrendered to Missouri authorities.  The following day, or on August 1, 2003, he was committed to the custody of the Missouri Department of Corrections to begin serving the four year term of imprisonment imposed in CR 198-123F.

On August 4, 2003, federal authorities obtained temporary custody of Cox from Missouri authorities pursuant to the terms of a writ of habeas corpus ad prosequendum. He was subsequently arraigned on the federal indictment in 03-00230-01-CR-W-DW, and he remained in federal custody until the conclusion of the federal court proceedings in April of 2004.

On April 21, 2004, United States District Judge Dean Whipple sentenced Cox in 03-00230-01-CR-W-DW to a term of 180 months in the custody of the Federal Bureau of Prisons ("BOP").[2] Judge Whipple ordered the federal sentence in 03-00230-01-CR-W-DW to be served concurrently with the state sentence in CR 198-123F.

On April 27, 2004, federal authorities returned temporary custody of Cox to Missouri authorities. He remained in the custody of Missouri authorities until the completion of the state sentence in CR 198-123F.

On August 9, 2004, Cox was paroled from the state sentence in CR 198-123F. He did not gain his freedom, though, but was instead transferred to federal authorities for the purpose of serving the federal sentence imposed by Judge Whipple in 03-00230-01-CR-W-DW. Cox came to be housed at the Federal Correctional Complex - Medium Security Institution in Forrest City, Arkansas, the warden of which is respondent Tim Outlaw ("Outlaw").

---

[2]

Judge Whipple sentenced Cox on count one to 180 months imprisonment and on count two to 120 months imprisonment, the terms of imprisonment to be served concurrently. See United States v. Cox, 130 Fed.Appx. 843, 2005 WL 1123563 (8th Cir. 2005).

BOP CALCULATION OF COX'S FEDERAL SENTENCE.  At some point after Cox entered federal custody, the BOP provided him with a calculation of the 180 month federal sentence imposed by Judge Whipple in 03-00230-01-CR-W-DW.   The calculation reflected, <u>inter alia</u>, that a <u>nunc pro tunc</u> designation had been granted pursuant to 18 U.S.C. 3621(b),  thereby allowing his federal sentence to commence on the date it was imposed, or April 21, 2004.  The calculation also reflected that 101 days of jail credit had been granted, the credits being as follows:

(1)  for April 11, 2003, or the day he was arrested by Missouri authorities on a state charge that later resulted in his indictment in 03-00230-01-CR-W-DW of being a felon in possession of a firearm;

(2)  for the period from April 14, 2003, to July 21, 2003, or the period during which he was held in state custody for the conduct that eventually resulted in his indictment in 03-00230-01-CR-W-DW of tampering with a witness; and

(3)  for July 31, 2003, or the day he surrendered to Missouri authorities to begin serving the four year term of imprisonment imposed in CR 198-123F.

Based on this calculation, the BOP notified Cox that he could expect to be released from BOP custody, "via [g]ood [t]ime [r]elease, on February 3, 2017."  <u>See</u> Document 5, Declaration of Daniel R. Severson at 3.

<u>ADMINISTRATIVE PROCEEDINGS</u>.  Cox disagreed with the calculation of his federal sentence and commenced a series of administrative grievances in an attempt to correct what he perceived to be the error.  His position throughout the administrative process appears to be reflected in the following grievance:

> This is my request for relief, pursuant to <u>Barden v. Keohane</u>, 921 F.2d 476 (3rd Cir. 1990), and <u>Trowell v. Beeler</u>, NO. 04-6531 (4th Cir. 2005), that my federal sentence run concurrent with my state sentence.  It was the intent of my sentencing courts that my time served be designated as served in a federal facility.   See 18 U.S.C. 3621 and Program Statement 5880.28.  Therefore, please credit the time served toward my sentence.

<u>See</u> Document 2, Exhibit D at 1.  The position of the BOP throughout the administrative process appears to be reflected in the following response:

> [BOP] Program Statement 5880.28, <u>Sentence Computation Manual</u> … in accordance with Title 18, U.S.C. [section] 3585(a) states, "In no case can a federal sentence of imprisonment commence earlier than the date on which it is imposed."   Your case was also reviewed in accordance with <u>Willis v. U.S.</u>, 438 F.2d 923 (5th Cir. 1971).  The decision in <u>Willis</u> provides that prior custody credits shall be given for any time spent in non-federal presentence custody that begins on or after the date of the federal offense up to the date that the first sentence begins to run, federal or non-federal.  In addition, Title 18, U.S.C. [section] 3585 (b), provides, "A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences … that has not been credited against another sentence."
>
> Therefore, prior custody credit was applied to your federal term for April 11, 2003; April 14, 2003 through July 21, 2003, and July 31, 2003, for a total of 101 days credit.  As the time period from August 1, 2003, through April 20, 2004, was spent in service of your state sentence it cannot be applied to your federal term.

Your request for further credit under <u>Barden v. Keohane</u>, 921 F.2d 476 (3rd Cir. 1990), is not applicable, as the sentencing Judge was fully aware of your undischarged state charges and took them into consideration when he ordered your federal sentence to run concurrent with your state sentence. Your sentence has been computed as directed by federal statute and Program Statement 5880.28, <u>Sentence Computation Manual</u> …

<u>See</u> Document 2, Exhibit B at 2.  When Cox failed to obtain the relief he requested, he commenced the proceeding at bar.

<u>THIS PROCEEDING</u>.  Cox commenced this proceeding by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. 2241.  In his petition, he advanced the following assertions:

… [The BOP] refuses to reduce [my] sentence by the time spent in state custody on a related conviction, although such sentence was ordered to be served concurrently with [my] [f]ederal conviction, and it was the intent of the sentencing courts that [I] should receive <u>all</u> credit for time served against the [f]ederal conviction.  Hereinbefore, [I] was convicted in the state of Missouri, for the offense, inter alia, illegal use of a weapon.  [I] was sentenced thereon on July 21, 2003 to a term of 4 years concurrent with any [f]ederal sentence, in the Missouri State Prison.  Thereinafter, on July 22, 2003, [I] was indicted in the United States District Court, Western District of Missouri, for the offense of [p]ossession of a [f]irearm by a [f]elon …  Importantly, this involved the same course of conduct as charged in Missouri State Courts.  In the event, the [f]ederal [c]ourt placed a detainer against [me] at the Missouri State Prison, on August 1, 2003.  Subsequently thereto, [I] was held by [f]ederal [a]uthorities until [my] sentencing in [f]ederal [c]ourt on April 21, 2004, at which time the [f]ederal [c]ourt imposed a term of 180 months, concurrent with [my] aforementioned Missouri [s]tate case.

Notwithstanding, [the] BOP refuses to fully credit all of the time [I] was detained on the [f]ederal charges, to wit: from August 1, 2003 through April 21, 2004.

-6-

> Inasmuch as [I] was detained on both state and federal charges, which resulted in concurrent sentences, [I am] entitled to credit as against [my] federal sentence.

See Document 2 at 2-3.

Outlaw thereafter filed an answer to Cox's petition.  Outlaw maintained in his answer that the petition should be dismissed because Cox's federal sentence has been properly credited and he is entitled to no additional credit for any time he spent in state custody.

Cox then filed a brief reply to Outlaw's answer.  Cox maintained in his reply that it was Judge Whipple's intent for the federal sentence to commence on the day the federal detainer was lodged against Cox.  Because the federal detainer was apparently lodged against Cox on August 4, 2003, he maintained that his federal sentence should have commenced on that day and the BOP has failed to properly credit his federal sentence.

The Court has now had an opportunity to thoroughly review the entire record in this proceeding.  On the basis of that review, and for the reasons that follow, the Court finds that Cox's petition should be, and will be, dismissed and all requested relief denied.

STANDARD OF REVIEW.  At the outset, the Court notes that the BOP initially possesses the exclusive authority to compute "sentence credit awards after sentencing." See Rodriguez v. Lamar, 60 F.3d 745, 747 (11th Cir. 1995).

Once a [prisoner] has exhausted his administrative remedies within the BOP, the district court may review the constitutionality of the [BOP's] decision and its statutory construction. ... The court's analysis, however, is deferential: if the language of the applicable statutory provision clearly outlines its congressional purposes, an interpreting court and administrative agency "must give effect to the unambiguously expressed intent of Congress." If the statute is silent or ambiguous, however, a reviewing court must defer to an agency's reasonable interpretation unless it is "arbitrary, capricious, or manifestly contrary to the statute." ...

See Tankersley v. Fisher, 2007 WL 2021937 at 2 (N.D.Fla. 2007).

QUESTIONS AT BAR.  Cox's pro se submissions are not a model of clarity.  Liberally construing his submissions, they appear to require the Court to address the following three questions:

(1) did the BOP properly determine the day on which Cox's federal sentence commenced;

(2) is Cox entitled to have the Missouri Department of Corrections designated as the place of service of his federal sentence; and

(3) is Cox entitled to additional credit on his federal sentence for the period of time from the first of August of 2003 through April 20, 2004.[3]

---

[3]

The Court uses the phrase "first of August of 2003" for the following reason.  In Cox's petition, he maintains that he is entitled to additional credit on his federal sentence for the period ending on April 21, 2004, and beginning on August 1, 2003, i.e., the day he was committed to the custody of the Missouri Department of Correction to begin serving his state sentence.  See Document 2 at 3.  In Cox's reply, though, he maintains that he is entitled to additional credit on his federal sentence for the period ending on April 21, 2004, and beginning on August 4, 2003, i.e., the day federal authorities obtained temporary custody of him from Missouri authorities pursuant to the terms of a writ of habeas corpus ad prosequendum.

DID THE BOP PROPERLY DETERMINE THE DAY ON WHICH COX'S FEDERAL SENTENCE

COMMENCED?  Typically, a federal sentence commences on the date the prisoner is

"received in custody awaiting transportation to, or arrives voluntarily to commence

service of [his] sentence at, the official detention facility at which the sentence is to be

served."  See 18 U.S.C. 3585(a).  In this instance, however, a nunc pro tunc designation

was granted pursuant to 18 U.S.C. 3621(b), thereby allowing Cox's federal sentence to

commence on the date it was imposed, i.e., April 21, 2004.  Judge Whipple ordered

Cox's federal sentence be served concurrently with his state sentence.  Cox appears to

interpret Judge Whipple's order to mean that the federal sentence did not commence

on April 21, 2004, but rather on August 1, 2003, or the day he was committed to the

custody of the Missouri Department of Corrections to begin serving his state sentence.[4]

BOP Program Statement 5880.28 provides that "[i]n no case can a federal

sentence of imprisonment commence earlier than the date on which it is imposed."  See

BOP Program Statement 5880.28, page 1-13.  Cox's federal sentence was imposed on

April 21, 2004, and was deemed to have commenced on that date.  That construction of

his federal sentence is consistent with Program Statement 5880.28.  Any other

construction, e.g., his federal sentence commenced on August 1, 2003, would be

inconsistent with Program Statement 5880.28.

---

[4]

This construction of Cox's submissions may explain why he maintains in his petition that he is
entitled to credit on his federal sentence for the period beginning on August 1, 2003.

Cox alternatively maintains that it was Judge Whipple's intent for the federal sentence to commence on August 4, 2003, or the date on which federal authorities obtained temporary custody of Cox pursuant to the terms of a writ of habeas corpus ad prosequendum.[5]  His assertion is without merit for at least two reasons.  First, there is nothing in the record that supports his interpretation of Judge Whipple's intent.  Second, the federal sentence could not have commenced prior to April 21, 2004, because a federal sentence cannot commence earlier than the date on which it is imposed.

Liberally construing Cox's pro se submissions, he appears to maintain that his state sentence was ordered to be served concurrently with his federal sentence and the effect of the order was to somehow cause both sentences to commence on August 1, 2003, or the date he was committed to the custody of the Missouri Department of Corrections to begin serving his state sentence.  The Court cannot discern whether Cox's state sentence was to be served concurrently with his federal sentence.  See Document 5, Attachment 3.  It seems unlikely because the state sentence was imposed before Cox was even indicted for the federal offenses charged in 03-00230-01-CR-W-DW.  Assuming that his state sentence was to be served concurrently with his federal sentence, the federal sentence could not have commenced prior to April 21, 2004, because a federal sentence cannot commence earlier than the date on which it is imposed.

---

[5]

This construction of Cox's submissions may explain why he maintains in his reply that he is entitled to credit on his federal sentence for the period beginning on August 4, 2003.

IS COX ENTITLED TO HAVE THE MISSOURI DEPARTMENT OF CORRECTIONS DESIGNATED AS THE PLACE OF SERVICE OF HIS FEDERAL SENTENCE? Liberally construing Cox's pro se submissions, he appears to maintain that he is entitled to have the Missouri Department of Corrections designated as the place of service of his federal sentence. His assertion is without merit for at least two reasons. First, in light of the fact that a nunc pro tunc designation was granted, thereby allowing his federal sentence to commence on the day it was imposed, Cox has already received much of the relief he seeks. Specifically, the practical effect of the nunc pro tunc designation–which caused his federal sentence to commence on April 21, 2004–was that it established the Missouri Department of Correction as the place of service of a portion of his federal sentence. Second, it was not possible for the BOP to designate the Missouri Department of Corrections as the place of service of any other portion of his federal sentence because a federal sentence cannot commence earlier than the date on which it is imposed. There are, however, instances in which the BOP must award credit on a federal sentence for time spent in custody prior to the imposition of the sentence. 18 U.S.C. 3585(b) identifies those instances, and they rest at the heart of this proceeding.

IS COX ENTITLED TO ADDITIONAL CREDIT ON HIS FEDERAL SENTENCE FOR THE PERIOD OF TIME FROM THE FIRST OF AUGUST OF 2003 THROUGH APRIL 20, 2004? 18 U.S.C. 3585 governs the calculation of a term of imprisonment. Paragraph (b) of the statute provides the following:

(b) Credit for prior custody.   A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--

(1) as a result of the offense for which the sentence was imposed; or

(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

The language of 18 U.S.C. 3585(b) is clear, and the Court will give effect to the unambiguously expressed intent of Congress.  For the reasons that follow, the Court finds that the BOP has followed Congress' express intent in declining to award Cox credit for the period of time he spent in state custody from the first of August of 2003 through April 20, 2004.

First, as a preliminary matter, the Court notes that Cox was never in official federal detention prior to August 9, 2004.  Although it is true that he was held by federal authorities from August 4, 2003, until April 27, 2004, he was merely "on loan" from Missouri authorities.  See United States v. Cole, 416 F.3d 894 (8th Cir. 2005).  Because he was merely "on loan," he remained in the primary custody of Missouri authorities.[6]

---

[6]

In addition, Cox has not shown that he was ever in official federal detention as a result of any other charge for which he was arrested after the commission of the offense charged in the federal indictment.

-12-

Second, although Cox was in official state detention beginning on April 14, 2003, the period of time from the first of August of 2003 through April 20, 2004, has been credited against another sentence, namely, his state sentence.  He entered the custody of the Missouri Department of Corrections on August 1, 2003, and remained in state custody until he was paroled on August 9, 2004.  That period of time–which includes the period of time from the first of August of 2003 through April 20, 2004–was credited to his state sentence.

Third, Cox has been awarded all of the pre-sentence jail credits to which he is entitled under Willis v. United States, 438 F.2d 923 (5th Cir. 1971).[7]  The BOP awarded him 101 day of pre-sentence jail credit for days he spent in state custody prior to the commencement of his state sentence.  The BOP concluded that he was held on those days for conduct related to the commission of the federal offenses charged in 03-00230-01-CR-W-DW.  Once his state sentence commenced on August 1, 2003, he was entitled to no additional Willis credits.

---

[7]     In Willis, the petitioner sought credit on his federal sentence for the time he spent in state custody prior to federal sentencing.  The United States Court of Appeals for the Fifth Circuit held that if the petitioner was "denied release on bail [by the state] because [a] federal detainer was lodged against him, then that was time spent in custody in connection with the (federal) offense."  See Willis v. United States, 438 F.2d at 925 (citation and internal quotation marks omitted).  Willis credits therefore appear to be available in those instances in which a prisoner is denied release on bail in state court because a federal detainer has been lodged against him.  See Gonzalez v. Hawke, 2006 WL 2465307 at 7 (D.N.J. 2006).  In no instance, though, are Willis credits available after the first sentence–be it state or federal–commences.  See Cotton v. Stine, 2007 WL 1191368 at 3 (E.D.Ky. 2007). ("[w]hen non-federal and federal sentences are running concurrent to each other, [a prisoner] may receive credit for any time spent in non-federal presentence custody that occurs on or after the date of the federal offense, up to the date the first sentence (state or federal) commences.")

Last, Cox is not entitled to additional credit under <u>Barden v. Keohane</u>, 921 F.2d 476 (3d Cir.1991).[8]  "<u>Barden</u> does not authorize the BOP to award credit for time in state custody prior to imposition of a federal sentence."  <u>See</u> <u>Gonzalez v. Hawke</u>, 2006 WL 2465307 at 6 (D.N.J. 2006).  Because a <u>nunc pro tunc</u> designation was granted, he began receiving credit on his federal sentence from the date it was imposed.

<u>CONCLUSION</u>.  On the basis of the foregoing, the Court finds no merit to the positions advanced by Cox in his submissions.  Instead, the Court finds that the BOP has followed the relevant federal statutes and policies in calculating his federal sentence.  His petition is therefore dismissed and all requested relief denied.  Judgment will be entered for Outlaw.

IT IS SO ORDERED this ___4___ day of January, 2008.


_____

UNITED STATES MAGISTRATE JUDGE

---

[8]

"In <u>Barden</u>, the Third Circuit granted Barden a writ of habeas corpus because the BOP mistakenly failed to recognize its power to designate a state facility nunc pro [tunc] as a place of federal confinement where the [prisoner] could gain credit against his federal sentence for the time which the state ordered to run concurrently with the federal sentence."  <u>See</u> <u>Gonzalez v. Hawke</u>, 2006 WL 2465307 at 6 (D.N.J. 2006).